UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEUROGRAFIX, a California corporation; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., a California corporation; and IMAGE-BASED SURGICENTER CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TRUSTEES OF TUFTS COLLEGE, a Massachusetts corporation; TUFTS MEDICAL CENTER aka TUFTS SHARED SERVICES, INC., a Massachusetts corporation; and TUFTS MEDICAL CENTER PHYSICIANS ORGANIZATION,  a Massachusetts corporation.<br><br>Defendants. | Civil Action No. 1:12-cv-11277 |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF TUFTS MEDICAL CENTER AND TUFTS MEDICAL <u>CENTER PHYSICIANS ORGANIZATION</u>**

Defendants Tufts Medical Center and Tufts Medical Center Physicians Organization (together, "Tufts Medical") hereby answer the Amended Complaint filed on September 26, 2012 ("Complaint") by Plaintiffs NeuroGrafix ("NeuroGrafix"), Neurograpy Institute Medical Associates, Inc. ("NIMA"), and Image-Based Surgicenter Corporation ("IBSC") (collectively, the "Plaintiffs") as follows:

1.  Tufts Medical admits that Plaintiffs purport to state a claim for patent infringement of United States patent No. 5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35 U.S.C. §§ 271 and 280 through 285.

1

## **PARTIES**

2.  Tufts Medical lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 2 of the Complaint, and, accordingly, denies the same.

3.  Tufts Medical lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 3 of the Complaint, and, accordingly, denies the same.

4.  Tufts Medical lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 4 of the Complaint, and, accordingly, denies the same.

5.  Tufts Medical admits that Trustees of Tufts college ("Tufts College") is a Massachusetts corporation with its principal place of business located at Tufts College, Medford, MA 02155.  Tufts Medical denies that Tufts College remains a named defendant in this action. (Dkt. #24).

6.  Tufts Medical admits that defendant Tufts Medical Center, Inc. ("Tufts Medical Center") is a Massachusetts corporation with its principal place of business located at 171 Harrison Ave., Boston MA 02111.  Tufts Medical denies that "Tufts Shared Services, Inc." is an "aka" of Tufts Medical Center.

7.  Tufts Medical admits that defendant Tufts Medical Center Physician Organization ("Tufts MCPO") is a Massachusetts corporation with its principal place of business located at 8000 Washington St., Box 1013, Boston, MA 02111.

8.  Tufts Medical denies the allegations set forth in Paragraph 8 of the Complaint as to Tufts Medical Center and Tufts MCPO.  Tufts Medical lacks knowledge or information

sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 8 of the Complaint as to Tufts College, and, accordingly, denies the same.

## JURISDICTION AND VENUE

9.  Tufts Medical admits that Plaintiff purports to state a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, and as such, that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and/or 1338(a). Tufts Medical lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraphs 2,3,4 and 5 of the Complaint, and, accordingly, denies that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) or 1332(c)(1).

10. Tufts Medical admits that venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Tufts Medical Center and Tufts Medical Center Physicians Organization are residents of this district. Tufts Medical denies all other allegations in Paragraph 10. To the extent that the allegations in Paragraph 10 relate to parties other than Tufts Medical, Tufts Medical is without knowledge or information sufficient to form a belief as to the truth or accuracy of any such allegations, and, accordingly, denies the same.

## BACKGROUND

11. Tufts Medical admits that the University of Washington is the owner by assignment of the '360 Patent entitled "Image Neurography and Diffusion Anisotophy Imaging." Tufts Medical denies that the '360 Patent issued on October 1, 1999. Tufts Medical lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remainder of the allegations set forth in Paragraph 11 of the Complaint, and, accordingly, denies the same.

12. Tufts Medical admits that Aaron G. Filler, Jay S. Tsurda, Todd L. Richards and Franklyn A. Howe are listed as the inventors of the '360 Patent.

13. Tufts Medical lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 13 of the Complaint, and, accordingly, denies the same.

14. Tufts Medical lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 14 of the Complaint, and, accordingly, denies the same.

15. Tufts Medical lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 15 of the Complaint, and, accordingly, denies the same.

## COUNT 1
## [ALLEGED] PATENT INFRINGEMENT

16. Tufts Medical incorporates herein and realleges its answers to Paragraphs 1 – 15.

17. Tufts Medical Center admits that it owns Philips and GE MRI units and related software for the performance of diffusion tensor imaging. Tufts Medical denies the remaining allegations set forth in Paragraph 17 as they relate to Tufts Medical, specifically including any such allegations that Tufts Medical directly infringes the '360 Patent. To the extent that the allegations in Paragraph 17 relate to parties other than Tufts Medical, Tufts Medical is without knowledge or information sufficient to form a belief as to the truth or accuracy of any such allegations, and, accordingly, denies the same.

18. Tufts Medical denies the allegations set forth in Paragraph 18 as they relate to Tufts Medical. To the extent that the allegations in Paragraph 18 relate to parties other than Tufts Medical, Tufts Medical is without knowledge or information sufficient to form a belief as

to the truth or accuracy of any such allegations, and, accordingly, denies the same.

19. Tufts Medical denies the allegations set forth in Paragraph 19 as they relate to Tufts Medical. To the extent that the allegations in Paragraph 19 relate to parties other than Tufts Medical, Tufts Medical is without knowledge or information sufficient to form a belief as to the truth or accuracy of any such allegations, and, accordingly, denies the same.

20. Tufts Medical denies the allegations set forth in Paragraph 20 as they relate to Tufts Medical. To the extent that the allegations in Paragraph 20 relate to parties other than Tufts Medical, Tufts Medical is without knowledge or information sufficient to form a belief as to the truth or accuracy of any such allegations, and, accordingly, denies the same.

## PLAINTIFF'S PRAYER FOR RELIEF

To the extent any response is necessary to Plaintiff's "Prayer for Relief," including paragraphs (1) through (5) of the same, Tufts Medical denies each and every allegation and claim as it relates to Tufts Medical. To the extent that the allegations and claims in Plaintiff's "Prayer for Relief" relate to parties other than Tufts Medical, Tufts Medical is without knowledge or information sufficient to form a belief as to the truth or accuracy of any such allegations and claims, and, accordingly, denies the same.

## DEMAND FOR JURY TRIAL

Tufts Medical admits that Plaintiff has demanded a jury trial, and submits this demand for a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8, without assuming any burden that it would otherwise not bear, reserving the right to raise additional affirmative defenses, and without admitting any allegations of the Complaint not otherwise expressly admitted herein, Tufts

Medical asserts the following affirmative defenses to the Complaint:

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (NON-INFRINGEMENT)

Tufts Medical has not infringed any valid and enforceable claim of the '360 Patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way or inducement, and/or via any other mechanism of liability under the Patent Act.

### THIRD DEFENSE
### (INVALIDITY)

Each of the claims of the '360 Patent are invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in 35 U.S.C. §§ 100 et seq., including but not limited to §§ 101, 102, 103, and 112.

### FOURTH DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

The doctrine of prosecution history estoppel precludes a finding of infringement of any valid and enforceable claim of the '360 Patent.

### FIFTH DEFENSE
### (LACHES AND ESTOPPEL)

Plaintiff's claims are barred in whole or in part by laches and/or estoppel because it unreasonably and inexcusably delayed in asserting infringement of the '360 Patent.

### SIXTH DEFENSE
### (UNCLEAN HANDS AND WAIVER)

Plaintiff's claims are barred in whole or in part by unclean hands and/or waiver.

## SEVENTH DEFENSE
## (STANDING)

Plaintiffs lack standing to bring suit for alleged infringement of the '360 Patent.

## EIGHTH DEFENSE
## (NO IMMEDIATE OR IRREPARABLE HARM)

Plaintiffs are not entitled to injunctive relief on a preliminary or permanent basis because any alleged injury to Plaintiffs is not immediate, is not irreparable, Plaintiffs have an adequate remedy at law, and the public interest would not be served by an injunction.

## NINTH DEFENSE
## (LIMITATION OF DAMAGES)

Some or all of Plaintiff's alleged damages are statutorily barred pursuant to 35 U.S.C. §§ 286 and/or 287.

## TENTH DEFENSE
## (EXCEPTIONAL CASE)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney's fees against Tufts Medical pursuant to 35 U.S.C. § 285.

## ELEVENTH DEFENSE
## (NO WILLFUL INFRINGEMENT)

Tufts Medical is not willfully infringing, and has not willfully infringed, any claim of the '360 Patent.

## TWELFTH DEFENSE
## (PROSECUTION LACHES)

The '360 Patent is unenforceable due to prosecution laches in light of Plaintiff's unreasonable delay in seeking the claims of the '360 Patent and the prejudice suffered by Tufts Medical because of this delay.

**RESERVATION OF RIGHTS**

Tufts Medical reserves the right to add additional affirmative defenses or counterclaims that are supported by discovery in this case as it progresses.

## COUNTERCLAIMS

Defendants and Counter-Plaintiffs Tufts Medical Center and Tufts Medical Center Physicians Organization (together, "Tufts Medical") hereby allege the following counterclaims against Plaintiffs and Counter-Defendants NeuroGrafix ("NeuroGrafix"), Neurograpy Institute Medical Associates, Inc. ("NIMA"), and Image-Based Surgicenter Corporation ("IBSC").

## JURISDICTION AND VENUE

21.     Tufts Medical incorporates herein and realleges its answers to Paragraphs 1 – 20.

22.     Tufts Medical asserts counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, seeking declaratory judgments under the patent laws of the United States, United States Code Title 35, that the '360 Patent asserted by Plaintiffs is both invalid and not infringed.

23.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. § 1, et seq.

24.     Counter-Defendants have submitted to the personal jurisdiction of this court by filing Civil Action No. 1:12-cv-11277-MLW.

25.     Venue is proper as to Counter-Defendants in this district, pursuant to 28 U.S.C. § 1391, because this suit was filed in this district by them.

## THE PARTIES

26.     On information and belief, Plaintiff / Counter-Defendant NeuroGrafix is a California corporation with its principal place of business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California.

27. On information and belief, Plaintiff / Counter-Defendant Neurography Institute Medical Associates, Inc. ("NIMA") is a California corporation with its principal place of business in Santa Monica, California.

28. On information and belief, Plaintiff / Counter-Defendant Image-Based Surgicenter Corporation ("IBSC") is a California corporation with its principal place of business in Santa Monica, California.

29. Defendant / Counter-Plaintiff Tufts Medical Center, Inc. ("Tufts Medical Center") is a Massachusetts corporation with its principal place of business located at 171 Harrison Ave., Boston MA 02111.

30. Defendant / Counter-Plaintiff Tufts Medical Center Physicians Organization ("Tufts MCPO") is a Massachusetts corporation with its pricipal place of business located at 8000 Washington St., Box 1013, Boston MA 02111.

**COUNTERCLAIM 1: DECLARATORY JUDGMENT OF<br>NON-INFRINGEMENT OF THE '360 PATENT**

31. Counter-Plaintiffs Tufts Medical Center and Tufts MCPO repeat and reallege Paragraphs 1 – 30 above as if fully set forth herein.

32. Plaintiffs allege in their Complaint that the University of Washington, a public institution of higher education in the State of Washington, is the owner by assignment of the '360 Patent, entitled "Image Neurography and Diffusion Anisotropy Imaging," which issued on October 1, 1996. Plaintiffs further allege that NeuroGrafix has an exclusive license to the '360 Patent in the field of use of non-human, non-surgical medicine; IBSC has an exclusive license to the '360 Patent in the field of use of non-human, non-surgical medicine, and NIMA has an exclusive license to the '360 Patent in the field of use of human, non-surgical medicine.

33. Plaintiffs have sued Tufts Medical Center and Tufts MCPO in the present action,

alleging infringement of the '360 Patent. Thus, an immediate, real and justicable controversy exists between Tufts Medical Center and Tufts MCPO, on the one hand, and Plaintiffs/Counter-Defendants, on the other, with repect to the alleged infringmenent of the '360 Patent.

34. Tufts Medical Center and Tufts MCPO do not infringe, and have not infringed, any claim of the '360 Patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

35. Tufts Medical Center and Tufts MCPO request declaratory judgment that neither infringe any claim of the '360 Patent.

### COUNTERCLAIM 2: DECLARATORY JUDGMENT OF INVALIDITY OF THE '360 PATENT

36. Tufts Medical Center and Tufts MCPO repeat and reallege Paragraphs 1– 35 above as if fully set forth herein.

37. An immediate, real and justicable controversy exists between Tufts Medical Center and Tufts MCPO, on the one hand, and Plaintiffs / Counter-Defendants, on the other, with respect to the invalidity of the '360 Patent.

38. Each claim of the '360 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 25 U.S.C. §§ 101, 102, 103 and/or 112.

### PRAYER FOR RELIEF ON TUFTS MEDICAL'S COUNTERCLAIMS

WHEREFORE, Tufts Medical prays for the following relief:

a. Deny any and all relief requested by Plaintiffs / Counter-Defendants, as set forth in the Complaint, and dismiss the Complaint with prejudice;

b. Declare that Tufts Medical Center and Tufts MCPO do not infringe the '360 Patent;

c.      Declare that the '360 Patent is invalid;

d.      Declare this case to be exceptional pursuant to 35 U.S.C. § 285 and award Tufts Medical Center and Tufts MCPO their reasonable attorney's fees and costs; and

e.      Grant Tufts Medical Center and Tufts MCPO such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Tufts Medical requests a jury trial for those issues so triable herein.

Respectfully submitted,

/s/ Maia H. Harris
Fred A. Kelly, Jr. (BBO#544046)
Maia H. Harris (BBO#648208)
Danielle M. McLaughlin (BBO#675819)
Nixon Peabody LLP
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
fkelly@nixonpeabody.com
mharris@nixonpeabody.com
dmclaughlin@nixonpeabody.com

*Attorneys for Tufts Medical Center and Tufts Medical Center Physicians Organization*

Dated: October 15, 2012

## **CERTIFICATE OF SERVICE**

I, Maia H. Harris, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 15th day of October, 2012.

/s/ Maia H. Harris
Maia H. Harris (BBO # 648208)